In the Matter of the Judicial Settlement of the Account of THE CHASE NATIONAL BANK OF THE CITY OF NEW YORK, as Temporary Administrator and Executor, and LOUIS B. HASBROUCK, as Executor of the Last Will and Testament of ABRAHAM MESSLER QUICK, Deceased, Respondents; BERTHA H. GURNEE, Appellant, and GENERAL SYNOD OF THE REFORMED CHURCH OF AMERICA, Residuary Legatee-Respondent.— Motion for reargument denied, with ten dollars costs, payable by appellant personally. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Young, Hagarty, Adel and Taylor, JJ.

In the Matter of the Application of THE BROOKLYN BAR ASSOCIATION in Respect of JOHN J. RIORDAN, an Attorney and Counselor at Law.— Respondent disbarred and his name ordered struck from the roll of attorneys. In June, 1927, respondent was suspended for one year. [See 221 App. Div. 765.] He was then found guilty on two charges. (1) He received from a client a fee of $500 to prosecute an appeal from a judgment of conviction. He filed a notice of appeal and obtained a copy of the minutes, for which he paid $60, and did nothing further. After complaint to the bar association, he returned $440 to his client. (2) He converted his client's money in the sum of $718. He made restitution after an order directing him so to do was made by the Supreme Court. The court would have been warranted in directing that respondent be disbarred but in view of the fact that he made restitution and had been in active service overseas in the late war and had been disabled, the court was lenient and suspended him for one year in the expectation that he would be an honorable member of the bar. He is again presented to the court upon five charges. Two of them are instances where he received a fee, failed to perform the required services and then, after complaint to the bar association, returned a part of the fee to the client. Two other of the charges were not proved. The fifth charges the conversion of a client's money in the sum of $200. In view of the false answer filed by respondent, the official referee was justified in finding that respondent had appropriated the money to his own use. Restitution did not cure the wrong. The respondent has shown himself to be unworthy of the privilege to practice law and must be disbarred. Lazansky, P. J., Young, Carswell and Davis, JJ., concur; Hagarty, J., dissents and votes that respondent be suspended for five years.